UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:24-CR-40-REW-HAI-2 |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| CARONDA TILMAN, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

After conducting Rule 11 proceedings, *see* DE 100 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Caronda Tilman's guilty plea and adjudge her guilty of a lesser-included offense of Count One of the Superseding Indictment (DE 55). *See* DE 101 (Recommendation); *see also* DE 92 (Plea Agreement). Judge Ingram expressly informed Defendant of her right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 101 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate judge's report and recommendation he has forfeited his right to raise this issue on appeal'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed);

28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 101, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of a lesser-included offense of Count One of the Superseding Indictment;

2. The Court **GRANTS** Defendant's request to self-report and **ORDERS** her to report to the USMS at the Nashville, TN courthouse by 1:00 p.m. on April 11, 2025;[1] and

3. The Court will issue a separate sentencing order.

This the 7th of April, 2025.

Signed By:
Robert E. Wier
United States District Judge

---

[1] This is a mandatory detention case under 18 U.S.C. § 3143(a)(2). The defense does not advocate for any exception under that statute or 18 U.S.C. § 3145(c). As such, Defendant shall self-report as stated and will, absent intervening orders, be detained pending sentencing.